## INJURY FROM SLIPPING ON A GREASED STREET RAILWAY RAIL.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY v. MARY THOMPSON.

Decided, February 5, 1915.

*Negligence—By a Pedestrian at a Street Crossing—In Stepping on a Greasy Rail, Causing a Fall and Injuries.*

Where the street car rails on a curve at a street crossing had been greased with thick black grease which differed from the color of the street and could be plainly seen, and a young lady, familiar with the crossing and with the fact that the rails were sometimes greased, attempted to cross at a time when the street was clear and the grease could easily have been discovered, but did not

look where she was stepping, and as a consequence slipped on the greasy rail and fell and was injured, she is not entitled to recover from the traction compppany, but judgment should be given for the company. *Cincinnati Traction Co.* v. *Cramer*, 12 C.C. (N.S.), 315, distinguished.

*Miller Outcalt*, for plaintiff in error.
*Spangenberg & Spangenberg* and *Thomas L. Michie*, contra.

SWING, P. J.; JONES (E. H.), J., and JONES (Oliver B.), J., concur.

This cause is in this court on· error to the judgment of the Superior Court of Cincinnati, in which court said Mary Thompson recovered a judgment against the traction company for the sum of $2,034 on the 4th of December, 1913, for personal injuries caused by slipping and falling on the rails of the traction company at the northwest corner of Fifth street and Central avenue, in the city of Cincinnati. .

The allegations of negligence charged in the petition are as follows:

"Plaintiff says that defendant wrongfully and negligently placed and caused to be placed, and allowed to remain, a large and unnecessary quantity of grease, oil and pitch upon its said south rail at the said street intersection, whereby it became and was then and there dangerous to the public using and crossing the said rail in this, to-wit: that the said rail was made slippery by the said large and ·unnecessary accumulation of grease, oil and pitch which the defendant had placed and allowed to remain upon· its said south rail at the east crossing of the said Central avenue over the said Fifth avenue, whereby the plaintiff as she stepped upon the south rail then and there slipped and was caused to fall."

There is no conflict in the testimony, and there was no evidence other than plaintiff's evidence.

The evidence shows that the plaintiff below, in company with a friend, Miss Eleanor Gunlach, started across the street, as alleged in the petition, and plaintiff below was familiar with the crossing, having ferquently crossed the same; that at the time of, the crossing there were no vehicles or cars on the street, and the street was perfectly clear. She was a woman of good sight, and

in full possession of her mental faculties. She had frequently seen these railway tracks in the street, and was familiar with this curve and rail. She knew also that it was customary for the traction company to apply grease to the tracks at this curve. She testified:

"Q.   You had noticed it (grease in the tracks) before?   A. Many a time.   Anybody could notice that grease.

"Q.   You knew grease was slippery?   A.   Certainly.

"Q.   You knew if you stepped upon grease you were likely to fall; that is true?   A.   Yes, sir."

She testified that the grease was easily discernible and that it was very black and different in color from the rest of the street at the point where it was placed. She was asked this question:

"Q.   The question is: why didn't you look, on this occasion, when you came to that curve, that switch?   A.   I was crossing over on the crossing. I seen the road was clear. There was nothing coming, at all. I was right on that flagging, and there was nothing in front of me, and of course I put my foot right down there, and it went partly on the tracks and the other part on the flagging, and the grease slipped me; and that is how I fell.

\*   \*   \*   \*   \*

"Q.   You say that you didn't look?   A.   Not at that particular point.

"Q.   So you knew it was likely there might be grease in the curve that morning?   A.   Yes, sir."

Then again:

"A.   If I knew it was there I could see it; knowing and looking I could not miss it."

\*   \*   \*   \*   \*

"Q.   If you had been looking to see, there would have been no difficulty in your stepping over it?   A.   No sir, there would not be if I had looked to see."

The witness Eleanor Gunlach testified:

"A.   We were not paying no attention just at the time on the track."

She also testified that the grease was so black that it was different in color from the rest of the street. She further testified:

"Q. If it was on the street, if you looked you would have seen it? A. Yes, sir."

There was no evidence which tended to show any negligence on the part of the traction company in greasing tracks at this point, unless it be found in the statement that there was too large an amount of grease placed on the track at this particular point. The witness testified that there was a quart or more, but whether this amount was in excess of what should have been placed there is not shown by the evidence. But whether it be so or not, it is not shown that the excessive amount of grease placed upon the track was the cause of the injury.

The traction company at the close of the evidence moved the court to direct a verdict for the defendant company, which motion the court overruled, and afterwards entered judgment on the verdict.

The facts being undisputed, it became a question of law for the court, provided these facts failed to show any negligence on the part of the traction company, or showed that the injury was caused by the negligence of the plaintiff as shown by her own testimony. We are of the opinion that the injury was caused by the negligence of the plaintiff herself in not using the ordinary care and prudence that persons are accustomed to use when crossing a street. It is clear that if she had looked she could have seen this grease upon the track, and could easily have avoided it. But she knew it was likely to be there, and she knew that if it was there and she stepped on it she was liable to slip. Knowing these facts, she paid no attention to it, and deliberately stepped upon the rail and received the injury. From these undisputed facts it seems clear that the plaintiff in error was not entitled to recover.

We have been referred to the case of *Traction Co.* v. *Cramer*, 12 C.C.(N.S.), 315, as a case directly in point, and controlling upon this court in support of the contention of the plaintiff below in this case. The case is somewhat similar, and the syllabus as well as the opinion of the court would seem to bear out the contention of the plaintiff below in being decisive of the question raised here, as that case was decided by this court. But the facts

in that case as shown by the record, were different from the facts here, and the decision should go no further than its application to the facts of the case. In that case the traction company had placed a large quantity of grease outside of its tracks on the crossing, and the dust and dirt had covered that grease so as to obscure its presence and it was upon this that the plaintiff in that case stepped, and not upon the track of the company. Whereas in this case the plaintiff's allegation was that the grease was placed upon the track of the company, and that she stepped upon the grease on the tracks of the company. The facts being different, we do not think that we are bound by the decision in that case.

The judgment will be reversed, and judgment entered in this court for plaintiff in error.